FILED
SUPERIOR COURT
OF GUAM

2018 MAY -9  AM 9: 54

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0360-13 |
| vs. | **DECISION AND ORDER** |
| JOE GWAROW, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on the issue of jurisdiction. At the last Progress Hearing on April 19, 2018, Defendant Joe Gwarow ("Defendant") was not present, but was represented by Assistant Public Defender Richard Dirkx. Assistant Attorney General Nicole Cruz was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 20, 2014, Defendant plead guilty to the charge of Assault (As a Misdemeanor), *as a lesser-included offense* of Aggravated Assault (As a Third Degree Felony). Pursuant to the Plea Agreement, Defendant was placed on a two-year supervised probationary period. On November 20, 2014, at the first calendared Progress Hearing, Defendant was not present, and a Bench Warrant was issued for Defendant's arrest with $180 cash bail. No Violation Report was filed prior to this hearing.

*People v. Gwarow*
Case No. CF0360-13
Decision and Order

**ORIGINAL**

On February 14, 2018, Defendant was arrested on the Bench Warrant, and a First Violation report was subsequently filed on the same day by Probation, indicating that Defendant failed to report monthly, having last reported on July 16, 2014; Defendant failed to complete treatment at Guam Behavioral Health and Wellness Center; Defendant failed to pay a $100 fine and $80 court costs; and that Defendant failed to complete community service, as he had seventy-five hours remaining. *See* Violation Report, Feb. 14, 2018.

At the Return of Warrant hearing on February 14, 2018, counsel for Defendant indicated to the Court that he believed the Court lost jurisdiction over this matter.

On February 21, 2018, the Government filed a Statement Re: Jurisdiction, and on March 2, 2018, Defendant filed a Jurisdiction Statement.

On April 19, 2018, the parties informed the Court that they would submit on their briefs on the issue of jurisdiction. Both counsel for Defendant and the Government indicated that they had no record of what occurred at the November 20, 2014 hearing. The Court informed the parties that it would take the matter under advisement and review the recording of the hearing.

## DISCUSSION

The issue before the Court is whether the period of time that passed from the issuance of the Bench Warrant on November 20, 2014, to the Return of Warrant on February 14, 2018, tolled the period of probation.

Both Defendant and the Government cite to 9 G.C.A. § 80.66 for their respective positions. Section 80.66 provides in relevant part:

(3) Upon showing of probable cause before the Court, pursuant to Subsection (a)(1), a summons or warrant shall issue and the period of probation shall thereby be tolled pending the hearing upon the motion and the decision of the Court. The period of tolling shall start on the date the summons or warrant is filed by the Clerk of Court and shall end on the date the Clerk of Court files a judge's written decision or the judge issues an oral decision in open Court, whichever first occurs, on whether the defendant violated a condition of probation. Unless otherwise ordered by the Court, the defendant's term of probation shall be extended for the number of days time is tolled. During the period the time is tolled, the defendant shall remain subject to all conditions of probation.

9 G.C.A. § 80.66(a)(3). Subsection(a)(1) provides that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation: (1) upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest. The warrant or summons shall be served in the manner provided by 8 GCA § 15.70 (Criminal Procedure). The offender may be arrested without a warrant only in those circumstances where such an arrest is otherwise permitted by law.

9 G.C.A. § 80.66(a)(1). Thus, the Court must determine whether there was a showing of probable cause that Defendant violated a condition of his probation at the November 20, 2014 hearing when it issued the Bench Warrant.

The Court's review of the November 20, 2014 hearing indicates that Probation reported that Defendant had violated a number of conditions of his probation, including not checking in on a weekly basis, not completing community service, and still owing a $180 fine payment. (Progress Hearing, Digital Recording at 10:09:31, November 20, 2014). Probation also reported to the Court that Defendant had an outstanding warrant in another criminal case. *Id.* The Court finds that these violations constituted probable cause for the Court to issue a Bench Warrant, and for the period of probation to toll while the Bench warrant remained outstanding. Therefore, the Court finds that it still maintains jurisdiction over this matter, and will continue to calendar Progress Hearings to monitor Defendant's probationary progress.

## CONCLUSION

For the foregoing reasons, the Court hereby finds that it still maintains jurisdiction over this matter. A Progress Hearing is set for ___JUN 1 4 2018___ at ___9 a.m.___ cal

**IT IS SO ORDERED** this _9th_ day of ~~April~~ May, 2018.

SERVED VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of:

PDSC/AG's
5/9/18          10am

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Gwarow*
Case No.CF0360-13
Decision and Order